# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**CANDIDO de JESUS SERRANO,** :

    **Plaintiff**                             CIVIL ACTION NO. 3:18-1990

    v

**M. DEMOLICO,** *et al.,*                 (JUDGE MANNION)

    **Defendants**

## MEMORANDUM

Presently before the Court is Plaintiff's *pro se* complaint, filed in the above captioned Bivens[1] action pursuant to 28 U.S.C. §1331, (Doc. 1), and his motion to proceed *in forma paupers.* (Doc. 2). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the complaint, will grant Plaintiff's motion for leave to proceed *in forma pauperis,* and dismiss the complaint without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I.    Background

Plaintiff, Candido de Jesus Serrano, an inmate currently confined in the United States Penitentiary, Lewisburg (USP-Lewisburg), Pennsylvania, filed the above captioned action pursuant to 28 U.S.C. §1331. (Doc. 1). He names

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

four USPLewisburg correctional officers as Defendants.

Serrano complains that he is being harassed by staff, and that "officers are putting things like spit, hair and chemicals in his food." Id. He claims that when he eats his food and later goes to the bathroom he notices that he has bright red blood on the toilet paper. Id. He states that he has tried "washing his food in the sink before he eats it but he still gets sick from the food." Id. He further claims that he has been denied outside recreation, stating that the Defendants "really abuse the power and provide no respect." Id.

On October 15, 2018[2], Plaintiff filed the above captioned action, in which he seeks damages. Id. Attached to his complaint, Plaintiff has submitted a series of administrative remedies, demonstrating his attempts to exhaust those remedies. Id. Subsequent to the filing of his complaint, Plaintiff, however, submitted an October 9, 2018, "Extension of Time for Response," from the Central Office Administrative Remedy Coordinator, in which the Central Office notified the Plaintiff that it needed additional time to respond to his appeal. (See Doc. 11).

---

[2]Although Plaintiff's complaint is not dated, Plaintiff's motion to proceed *in forma pauperis* and Plaintiff's signed Authorization form reflect the signature date of October 5, 2018. (See Docs. 2, 4).

2

## II. Legal Standard

Pursuant to 28 U.S.C. §1915A, federal district courts must "review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. §1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. See 28 U.S.C. §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted...."); 42 U.S.C. §1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action ... fails to state a claim upon which relief can be granted.").

In dismissing claims under §§1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-1757, 2017 WL 3016165 at *3 (M.D. Pa. June 26, 2017)

("The legal standard for dismissing a complaint for failure to state a claim under §1915A(b)(1), §1915(e)(2)(B)(ii), or §1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp.2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to §1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Iqbal, 556 U.S. at 679 (citing Fed.R.Civ.P. 8(a)(2) ). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of

the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the context of *pro se* prisoner litigation specifically, a district court must be mindful that a document filed *pro se* is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

### III. Discussion

The PLRA "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit."

See 42 U.S.C. §1997(e); Jones v. Bock, 549 U.S. 199 (2007). Section 1997(e) provides, in relevant part "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997(e).

The Supreme Court has explicitly provided that all prisoners must exhaust their administrative remedies as to any claim that arises in the prison setting, regardless of the kind of relief sought. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, the exhaustion of available administrative remedies is required before filing a civil rights action under §1983. See Perazzo v. Fisher, Civ. No. 11-1505, 2012 WL 1964419 (M.D. Pa. May 31, 2012) (citing 42 U.S.C. §1997(e)); Jones v. Lorady, Civ. No. 11-666, 2011 WL 2461982 (M.D. Pa. June 17, 2011) (dismissing prisoner complaint *sua sponte* for failure to exhaust administrative remedies prior to initiating federal action). "[I]t is beyond the power ... of any [court] to excuse compliance with the exhaustion requirement" of §1997(e). Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000); see also Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

While the exhaustion requirement is an affirmative defense that must be pleaded and proven by the defendants, and while a prisoner need not allege

6

that he has exhausted his administrative remedies, Jones, 549 U.S. at 216, the Court may *sua sponte* dismiss an action where the Plaintiff's failure to exhaust is clear on the face of the complaint. McPherson v. United States, 392 Fed.Appx. 938 (3d Cir. 2010); Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002); see also Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (affirming *sua sponte* dismissal where prisoner plaintiff conceded that he did not exhaust administrative remedies); Perazzo, 2012 WL 1964419, at *1 (dismissing case *sua sponte* for failure to exhaust administrative remedies where plaintiff indicated in the complaint that the grievance process was not complete but was at the "last stage").

Here, it is apparent from the face of Plaintiff's complaint that he did not exhaust his administrative remedies prior to filing the instant action. Specifically, Plaintiff's own exhibit establishes that his administrative remedies were proceeding, prior to him filing the instant action on October 15, 2018, as Plaintiff's own exhibit reveals that the Central Office notified him that additional time was needed to respond to his central office appeal. (See Doc. 11). Because the PLRA requires exhaustion prior to the initiation of Plaintiff's claims in federal court and because this Court cannot excuse compliance with those requirements, *sua sponte* dismissal of this action is appropriate.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be granted, and Plaintiff's complaint (Doc. 1), will be dismissed without prejudice. An appropriate Order follows.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 10, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1990-01.wpd